# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 13, 2026

R. Bruce McNew
Kevin D. Levitsky
Cooch and Taylor, P.A.
1000 N. West Street, Suite 1500
P.O. Box 1680
Wilmington, DE 19899

Lisa M. Zwally
Bryan T. Reed
Greenberg Traurig, LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

> Re: *Mitchell Partners, L.P. v. AMFI Corp. et al.*,
> C.A. No. 2020-0985-KSJM

Dear Counsel:

This letter resolves the parties' exceptions to the Final Report and Recommendation of the Special Discovery Magistrate on Plaintiff's Motions to Compel dated January 16, 2026 (the "January 16 Report").[1]

In the January 16 Report, the Special Discovery Magistrate resolved Plaintiff's motion to compel Defendants to produce "documents reflecting any [including Defendants'] direct and indirect ownership of and purchases and sales of [Defendants'] equity securities" by (i) Defendants themselves and (ii) certain subsidiaries of AMFI that are not parties to this dispute.[2]

The Special Discovery Magistrate granted Plaintiff's motion, modified as follows: "To the extent not previously produced, Defendants shall produce documents

---

[1] C.A. No. 2020-0985-KSJM, Docket ("Dkts.") 296, 297, 294 ("January 16 Report"). Terms not defined in this letter have the same meaning as in the court's letter decision dated July 3, 2024. Dkt. 131.

[2] Dkt. 283, Ex. A ¶¶ 53, 54; *see also id.* ¶ 3.

in their possession, custody, or control referring to or reflecting the direct or indirect ownership of any Class A or Class B shares of AMFI stock."[3]  Elsewhere in the January 16 Report, the Special Discovery Magistrate stated that the permissible scope of examination for depositions conducted by Plaintiff "includes examination into the direct or indirect ownership of Class A or Class B shares of AMFI stock."[4] Defendants take exception to these provisions of the January 16 Report, arguing that they permit overbroad discovery and conflict with the court's January 28, 2026 rulings.[5]

Defendants' exceptions are sustained for the limited purpose of clarifying that Plaintiff is not permitted discovery into the stock ledgers of non-parties or Defendants' knowledge of non-parties' ownership of the stock of Defendants, other than as it relates to Class B stock.  On the same basis, and for the reasons described by the court in its January 28 ruling, Plaintiff's exceptions are overruled other than to the extent Plaintiff requests verification of interrogatories, which is sustained.[6]

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:    Register in Chancery
       All counsel of record (by File&ServeXpress)

---

[3] January 16 Report ¶ 6.

[4] *Id.* ¶ 7.

[5] Dkt. 307 at 16–17; *see* Dkt. 300 at 23:22–24:7, 26:6–8, 27:15–28:2.

[6] Dkt. 304 at 3–4.